**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

BRENDA GEILING and
CAL GEILING,

    *Plaintiffs*,                                CASE NO:  14-11027

v.                                      DISTRICT JUDGE THOMAS L. LUDINGTON
                                      MAGISTRATE JUDGE PATRICIA T. MORRIS

WIRT FINANCIAL SERVICES, Inc. *et al*,

    *Defendants*.
_____/

**ORDER ON MOTION FOR PROTECTIVE ORDER**
**AND SETTING DEADLINE FOR FILING OF DISPOSITIVE MOTION**
(Doc. 12)

    This order is entered under the authority given to this Magistrate
    Judge in an Order of Reference issued by District Judge Ludington
    pursuant to 28 U.S.C. § 636(b)(1)(A).

        Defendant Wirt Financial Services, Inc. ("Wirt") filed the instant motion on April 30, 2014, asking the Court to stay discovery in this matter until a decision is rendered on an anticipated motion seeking dismissal as a matter of law under Fed. R. Civ. P. 12(b)(6). (Doc. 12.)

        During the initial scheduling conference held on May 6, 2014, Defendant Wirt indicated that its dispositive motion would be promptly filed, but that they did not want to file the motion until there was a decision on Plaintiffs' motion for leave to file a first amended complaint since Defendant's motion would need to address the amended complaint should it be permitted to proceed.  Plaintiffs filed a response in opposition to the motion for protective order, indicating their desire to proceed with discovery as soon as possible. (Doc. 13).

        During the initial scheduling conference, Plaintiffs were advised of the necessity of addressing initial questions of law, such as the anticipated motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), before the parties engage

in discovery.

Rule 26(c) permits a court to issue a protective order staying discovery during the pendency of a dispositive motion for "good cause shown."  In the instant case, the anticipated dispositive motion will seek dismissal as a matter of law under Rule 12(b)(6) and will be "based on legal determinations that could not have been altered by any further discovery."  *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.,* 70 F.3d 422, 430 (6th Cir. 1995).  Therefore, limitation of discovery is proper.  *Id.*

Accordingly, Defendant Wirt's motion for a protective order is **GRANTED and Discovery is stayed until further Order of the Court**.  If the dispositive motion is denied, a scheduling order will be entered setting the appropriate deadlines as set forth in the Proposed Joint Discovery Plan submitted by the parties on May 5, 2014.  (Doc. 14).

**IT IS FURTHER ORDERED** that Defendant Wirt is to file its dispositive motion within 30 days of the filing of Plaintiffs' First Amended Complaint.

Review of this order is governed by 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and E.D. Mich. LR 72.1(d).

Date:  May 9, 2014                                  /S PATRICIA T. MORRIS
                                                    Patricia T. Morris
                                                    United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Order was electronically filed this date, and electronically served on the parties of record through the Court's CM/ECF system.

Date:  May 9, 2014                          By    s/Jean L. Broucek
                                                  Case Manager to Magistrate Judge Morris